UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HORACE A. GOSS, JR.                  CIVIL ACTION NO. 07-CV-2070

VERSUS                                      JUDGE WALTER

AMERICAN ELECTRIC POWER        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Horace Goss, Jr. ("Plaintiff") and seven other employees of American Electric Power, d/b/a Dolet Hills Lignite Company ("Defendant") commenced this Title VII action by filing a joint complaint in 07-cv-0176. The court ordered that the claims of the eight plaintiffs be severed into separate civil actions. Plaintiff now stands alone in this particular case.

Defendant has filed a Motion to Dismiss (Doc. 15) that attacks Plaintiff's Title VII claims as untimely because Plaintiff did not file a civil action within 90 days after receipt of his EEOC notice of right to sue. See Taylor v. Books-A-Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (discussing the 90-day period of limitation).

Defendant submits a copy of a charge of discrimination that Plaintiff filed in 2004 and a copy of an EEOC notice of right to sue that was issued with respect to the charge on October 4, 2004. The notice advised Plaintiff that any lawsuit must be filed within 90 days of his receipt of the notice. The complaint that commenced Plaintiff's current civil action was not filed until February 1, 2007, which was more than two years after the notice of right to sue issued.

Defendant's motion and exhibits demonstrate that Plaintiff's Title VII claims are untimely. The motion does not address the supplemental state law claims asserted in the complaint, but most such claims are subject to a one-year period of limitation, so there is no readily apparent basis for a timely state law claim. Plaintiff has not filed any timely opposition to the motion to dismiss. There is, however, concern about the propriety of addressing the timeliness affirmative defense by way of a motion to dismiss rather than a motion for summary judgment.

Defendant, citing cases from the 1970's, urges that the Fifth Circuit has held that the 90-day requirement is jurisdictional, which would permit Defendant to urge the 90-day violation by a Rule 12(b)(1) motion and permit the court to consider extra-complaint evidence such as the EEOC documents. The Fifth Circuit has later held, however, that "commencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the 90-day requirement is akin to a statute of limitations." Espinoza v. Missouri Pacific R. Co., 754 F.2d 1247 n.1 (5th Cir. 1985). See also McClendon v. Ingalls Ship Building, Inc., 260 F.3d 622 (5th Cir. 2001) (unpublished).

A Rule 12(b)(6) motion to dismiss for failure to state a claim requires the court to accept the truth of the allegations in the complaint and limits reliance upon matters outside of the complaint. Espinoza, supra. Thus, a prescription or limitations defense is ordinarily capable of resolution on a Rule 12(b)(6) motion only if the factual basis for the defense

appears on the face of the complaint. Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 n.3 (5th Cir. 1997); Gordon v. Stalder, 2007 WL 4976050, *3 (W.D. La. 2007).

Some courts have taken judicial notice of or otherwise considered a notice of right to sue in connection with a motion to dismiss. See, e.g., Glass v. Clarian Health Partners, Inc., 2005 WL 2476129 (S.D. Ind. 2005) and Rouse v. II-VI, Inc., 2007 WL 1007925 n.1 (W.D. Pa. 2007). In most such cases, the plaintiff's complaint alleged receipt of a notice of right to sue letter and the plaintiff did not contest the authenticity of the agency documents. Plaintiff in this case has not opposed the motion, but the complaint squarely alleges in Paragraph 21 that all plaintiffs "received their right to sue letters dated November 8, 2006." That is at odds with the documents that Defendant submits with respect to Plaintiff, so the better course in this case is to convert the motion to dismiss to a motion for summary judgment. The 10-day opportunity to file objections that follows this Report and Recommendation will satisfy the 10-day notice requirements of Fed. R. Civ. P. 56(c). See also Fed. R. Civ. P. 12(d).

Defendant's motion, based on the EEOC documents, demonstrates that Plaintiff's claims are untimely. Plaintiff has not opposed the motion, but to avoid any procedural doubt about the propriety of judgment, Plaintiff will be permitted to file, within the objections period, any competent summary judgment evidence that he might possess with respect to the timeliness issue.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 15) be granted and that all claims by Horace A. Goss, Jr. be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of April, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE